494 P.2d 287

Marie Child HAMILTON, Plaintiff and Respondent,

v.

Gordon Dean HAMILTON, Defendant and Appellant.

No. 12543.

Supreme Court of Utah.

Feb. 28, 1972.

Worsley, Snow & Christensen, Harold G. Christensen, Salt Lake City, for defendant and appellant.

Aldrich, Bullock & Nelson, Clair M. Aldrich, Provo, for plaintiff and respondent.

TUCKETT, Justice.

After a trial in the court below a decree of divorce was entered in favor of the plaintiff and against the defendant under the terms of which the plaintiff was awarded the care, custody and control of the four minor children, and she was also awarded alimony, support money and a division of the property. The property awarded to the plaintiff consisted of the following items: (1) home of the parties valued at $22,000 subject to a mortgage in the sum of $7,036.50 which the plaintiff was to assume and to pay; (2) all of the household furniture, fixtures and appliances of an approximate value of $5,000; (3) a Pontiac automobile valued at $2,370. The plaintiff was also awarded the sum of $100 per month for each of the minor children and the sum of $250 per month alimony.

In addition to the property listed above the court also awarded to the plaintiff a judgment in her favor and against the defendant for the sum of $27,000 together with interest, which judgment was to become a lien upon the defendant's partnership interest in Hamilton Brothers Electrical Contractors, which is a business owned by the defendant and his brother. The $27,000 represented what the court determined respondent should be awarded as a proportionate share of defendant's interest in the partnership property and business. The decree provided that the judgment must be paid within a period of 54 months.

In addition to the alimony and support money provided for in the decree the plaintiff was employed full time and was earning the sum of approximately $312 per month.

The defendant and appellant here makes no claim that the court erred in granting the plaintiff a divorce nor in awarding the

custody of the children to the plaintiff. It is the defendant's claim that the award of alimony and the division of the property are inequitable. We have carefully reviewed the record and we are led to the conclusion that the decree places a burden upon the defendant that he will probably be unable to meet in the future.[1] It is our view that the decree should be so as to relieve the defendant from the burden of paying interest on the judgment for a period of 54 months and thereafter interest at the legal rate shall apply to any unpaid balance and such is the order. In all other respects the decree is affirmed. The plaintiff and the defendant are to bear their own costs.

CALLISTER, C. J., and ELLETT, HENRIOD and CROCKETT, JJ., concur.

---

1. Alldredge v. Alldredge, 119 Utah 504, 229 P.2d 681, 34 A.L.R.2d 305; Santilli v. Santilli, 169 Colo. 49, 453 P.2d 606.